UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>DANIEL RAMSEY,<br><br>        Defendant. | Case No:  CR 09-398 SBA<br><br>**ORDER DENYING DEFENDANT'S MOTIONS *IN LIMINE* AS MOOT**<br><br>Docket No. 78 |

## I. <u>INTRODUCTION</u>

Defendant Daniel Ramsey (Ramsey) is charged in a Superseding Indictment, filed December 3, 2009, with Conspiracy to Commit Bank Robbery, 18 U.S.C. § 371; Armed Bank Robbery, 18 U.S.C. § 2113(a) and (d); and Accessory After the Fact , 18 U.S.C. § 3.  The instant charges arise from an armed bank robbery at the First Metropolitan Credit Union ("Credit Union") in Antioch, California, on February 25, 2009.  Ramsey was employed by the Credit Union and allegedly conspired with his co-defendants to commit the robbery.  A jury trial is set to commence on February 25, 2010.[1]

In anticipation of trial, Ramsey filed five motions *in limine* in which he seeks to exclude the following evidence and/or testimony:  (1) a driver's license with a false birth date found at Ramsey's residence; (2) a pellet gun found during a search of Ramsey's residence; (3) marijuana and related paraphernalia also found during the search; and (4) testimony that the amount of loss in this case is "an unusually large sum for a single bank robbery"; and

---

[1] Trial originally was scheduled to commence on February 22, 2010; however, due to changes in the Court's calendar, trial will now commence on February 25, 2010.

**1** (5) testimony from Antioch Police Department Detective Steven Aiello regarding his opinion
**2** of Ramsey's "honesty," based the Detective's observation of Ramsey's body language during
**3** an interview.[2]

**4** ## II.  DISCUSSION

**5**     A.   **MOTION *IN LIMINE* NOS. 1-3**

**6** Ramsey argues that the evidence at issue in the first three motions *in limine* is
**7** inadmissible under Federal Rule of Evidence 404(b).  The Government responds that, without
**8** conceding that such evidence is inadmissible under Rule 404(b), it does not intend to introduce
**9** this evidence during its case-in-chief.  Given the Government's representations, Ramsey's
**10** motions *in limine* nos. 1-3 are DENIED as moot.[3]

**11**     B.   **MOTION *IN LIMINE* NO. 4**

**12** In motion *in limine* no. 4, Ramsey contends that testimony regarding the significance of
**13** the amount of loss (ostensibly implying that it was an "inside job"), is admissible only through
**14** expert testimony, and that the Government has not provided any notice of intention to call an
**15** expert, as required by Federal Rule of Criminal Procedure 16(a)(1)(G).  For its part, the
**16** Government neither concedes nor disputes whether testimony regarding the significance of the
**17** amount of loss is the province of expert testimony.  The Government nonetheless states that,
**18** without conceding that expert testimony is required, it will provide notice and a summary of
**19** anticipated testimony under Rule 16(a)(1)(G) prior to presenting such an expert at trial.

**20** Federal Rule of Criminal Procedure 16 requires the Government to disclose expert
**21** testimony it "intends to use . . . during its case-in-chief at trial." Fed.R.Crim.P. 16(a)(1)(G).
**22** Rule 16(a)(1)(G).  The purpose of this rule is "to minimize surprise that often results from
**23** unexpected expert testimony, reduce the need for continuances, and to provide the opponent

---

[2] The necessity of the instant motions and response thereto could have been obviated had the parties first met and conferred.  The parties are instructed to meet and confer prior to bringing any motion or request before the Court.

[3] The Government reserves the right to present such evidence to impeach or cross-examine witnesses or as rebuttal evidence.  The Court's pretrial rulings on the instant motions may be revisited during trial upon request in the event there is a factual and legal basis for doing so.

with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16 Advisory Committee Notes to 1993 amendment. Criminal Local Rule 16(b) provides that the Court may *sua sponte* set a deadline for disclosures required under Federal Rule of Criminal Procedure 16. Thus, consistent with these provisions, the Court orders that in the event the Government intends to offer expert testimony during its case-in-chief regarding the significance regarding the amount of loss, the Government shall provide to Ramsey the requisite disclosures under Rule 16(a)(1)(G) at least seven days prior to the commencement of trial. Ramsey's motion *in limine* no. 4 is therefore DENIED as moot.

### C. MOTION IN LIMINE NO. 5

Finally, in motion in limine no. 5, Ramsey seeks to preclude "any comparisons between his demeanor and that of other persons [Detective] Aiello has interviewed, along with conclusions about his truth telling based on the comparison." (Def.'s Mot. at 6.) Ramsey argues that such testimony is the proper subject of expert testimony and that no expert disclosure has been made by the Government.[4] In response, the Government states that it has no intention of introducing such evidence or testimony. Accordingly, Ramsey's motion *in limine* no. 5 is therefore DENIED as moot.

## III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendant Ramsey's Motions *in Limine* Nos. 1-5 are DENIED AS MOOT.

2. To the extent the Government intends to present expert testimony regarding the significance of the amount of loss, if any, the Government shall provide Ramsey with the disclosures required by Federal Rule of Criminal Procedure 16(a)(1)(G) no less than seven days before trial, and shall file an amended witness list, if appropriate.

---

[4] The parties do not dispute that Detective Aiello may offer testify as to his personal observations of Ramsey's demeanor. United States v. Durham, 464 F.3d 976, 982 (9th Cir. 2006) (noting that opinion testimony of lay witnesses must be "'predicated upon concrete facts within their own observation and recollection-that is facts perceived from their own senses, as distinguished from their opinions or conclusions drawn from such facts.'") (citations omitted).

3. The trial date is CONTINUED from February 22, 2010 to **February 25, 2010 at 8:30 a.m.**

4. This Order terminates Docket No. 78.

IT IS SO ORDERED.

Dated: February 5, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge