UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>       Plaintiff,<br><br>  vs.<br><br>DANIEL RAMSEY,<br><br>       Defendant. | Case No: CR 09-00398-01 SBA<br><br>**ORDER**<br><br>[Docket No. 183] |

Presently before the Court is Defendant's Motion for Permission to Appeal in Forma Pauperis, filed June 18, 2010. (Docket No. 183.) Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Defendant's motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument.

**I.    FACTUAL BACKGROUND**

    **A.    PROCEDURAL HISTORY**

Defendant was convicted by a jury of conspiracy to commit armed bank robbery in violation of 18 U.S.C. § 371, and judgment was entered on June 8, 2010. The Court sentenced Defendant to 60 months imprisonment. (Docket No. 181.) In doing so, the Court determined that the total offense level was 33 based on the following provisions of the United States Sentencing Commission, Guidelines Manual (Nov. 2009):  (1) a Base Offense Level of 20, USSG §2B3.1(a); (2) a two level increase under USSG §2B3.1(b)(1) because the property of a financial institution was taken; (3) a three level increase under USSG §2B3.1(b)(2)(E) because during the offense a weapon, which the victims believed was a gun, was brandished; (4) a two level increase under USSG §2B3.1(b)(7)(C) because the amount of loss was $74,003; (5) a four level increase under USSG §3B1.1(a) because Defendant was an organizer or leader of a

criminal activity that involved five participants; and (6) a two level increase under USSG §3C1.1 because Defendant obstructed justice.  The Court's calculation of Defendant's total offense level was consistent with the May 7, 2010 Presentence Investigation Report, which also determined the total offense level to be 33.

The Court found Defendant's Criminal History Category ("CHC") to be I, which resulted in a Guidelines sentence of imprisonment of 135 to 168 months.  However, the Court sentenced Defendant to 60 months imprisonment because that is the statutory maximum under 18 U.S.C. § 371.

In the addendum to the May 7, 2010 Presentence Investigation Report and in Defendant's Sentencing Memorandum (Docket No. 129), Defendant objected to the four level increase under USSG §3B1.1(a) (organizer or leader of a criminal activity) and to the two level increase under USSG §3C1.1 (obstruction of justice).  Defendant also argued that a three level reduction should apply under USSG §2X1.1(b)(2) because Defendant alleged that he withdrew from the conspiracy prior to the robbery.  Lastly, Defendant argued that his "aberrant behavior" and "degree of remorse" warranted a shorter sentence under the factors set forth in 18 U.S.C. § 3553(a).  The Court rejected each of those arguments at the sentencing hearing.

**B.     DEFENDANT'S MOTION FOR PERMISSION TO PROCEED IN FORMA PAUPERIS**

Defendant has moved for permission to proceed on his appeal in forma pauperis.  Defendant has included with his motion a Ninth Circuit Court of Appeals form "Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis."  In his affidavit, Defendant asserts that the issues on his appeal are "guideline calculations in sentencing."  Defendant states that his assets are limited to $200 in a checking account and a motorcycle valued at $4,000.  Defendant also states that his parents paid his defense attorney.  In his motion, Defendant indicates that, due to his indigency, his retained defense counsel will be filing a motion to withdraw pursuant to Circuit Court Rule 4-1(c).  On June 18, 2010, Defendant filed a Notice of Appeal.  (Docket No. 182.)

**II.  LEGAL STANDARD**

Title 28 U.S.C. § 1915(1)(1) provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Moreover, 28 U.S.C. § 1915(a)(3) states:  "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith requirement is satisfied if the petition seeks review of any issue that is "not frivolous."  Gardner v. Pouge, 558 F.2d 548, 551 (9th Cir. 1977).  An action is "frivolous" for purposes of section 1915 if it lacks any arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

**III.  DISCUSSION**

In his affidavit supporting this motion, Defendant has stated that his issues on appeal are "guideline calculations in sentencing."  On appeal, Defendant likely intends to make some or all of the objections to the Guideline calculations that he made before this Court.

The appellate court will employ a two-part review of Defendant's sentence.  First, it will "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range ...." U.S. v. Grissom, 525 F.3d 691, 696 (9th Cir. 2008).  Second, "[a]ssuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id.  The appellate court "review[s] the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of this case for abuse of discretion, and the district court's factual findings for clear error." U.S. v. Menyweather, 447 F.3d 625, 630 (9th Cir. 2006).

Moreover, "if the sentence imposed resulted from an incorrect application of the Sentencing Guidelines, and the error was <u>not harmless</u>, ordinarily [the appellate court] will remand to the district court for further sentencing proceedings, permitting the district court on remand to consider the proper Guidelines sentence along with other sentencing factors." <u>Grissom</u>, 525 F.3d at 696 (emphasis added).

Under Defendant's proposed calculation, the adjusted offense level would be 24 (33 minus 9) instead of 33. With a CHC of I, the range of imprisonment under the Guidelines then becomes 51 to 63 months. If the appellate court agrees with Defendant's calculation of the total offense level, the 60 month custodial sentence imposed by this Court would still be within the Guidelines range. Therefore, any purported error in calculating the Guidelines sentence would be harmless. Even if Defendant were considered prejudiced by such an error, on remand, it is highly questionable whether Defendant would receive a sentence below 60 months based on the new Guidelines range. Notably, this Court did not indicate at the sentencing hearing that it was inclined to give Defendant a shorter sentence if one were available. For those reasons, Defendant's appeal would be frivolous.

Defendant's appeal would also be frivolous because an abuse of discretion standard applies to this Court's application of the Sentencing Guidelines to the facts of this case. There is no reasonable basis in law or fact to argue that the Court abused its discretion in applying a two level increase for obstruction of justice under USSG §3C1.1. The commentary to section 3C1.1 provides specific categories of conduct that are obstructive, including committing perjury, providing materially false information to a judge, and providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the offense. <u>See</u> USSG §3C1.1, comment. (n.4). The Court, which presided over Defendant's jury trial, found that Defendant's conduct during both the investigation and trial fell within those categories.

Furthermore, there is no reasonable basis in law or fact to argue that the Court abused its discretion in applying a four level increase under USSG §3B1.1(a) because Defendant was an organizer or leader of a criminal activity. The commentary to section 3B1.1(a) states:

"Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others."  See USSG §3B1.1(a), comment. (n.4).  Here, there are several facts in the record showing that Defendant was integral in planning and organizing the offense.

Lastly, there is no reasonable basis in law or fact to argue that a three level conspiracy reduction is warranted because, at a minimum, Defendant's co-conspirators completed all the acts they believed necessary to complete the offense.  See USSG §2X1.1(b)(2): the reduction applies "unless the defendant <u>or a co-conspirator</u> completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense …."  (Emphasis added.)

For these reasons, the Court finds that Defendant's appeal is not taken in good faith, and as such the Court denies Defendant's Motion for Permission to Appeal in Forma Pauperis.

## IV.    CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendant's Motion for Permission to Appeal in Forma Pauperis is DENIED.

This order terminates Docket No. 183.

IT IS SO ORDERED.

Dated: June 28, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge